FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
Symphony Towers
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

Attorneys for Plaintiff Arnold Wandel

[Additional Counsel Appear on Signature Line]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARNOLD WANDEL, et al., <br><br> Plaintiff, <br><br> v. <br><br> HERBERT W. BOYER, Ph.D., et al., <br><br> Defendants. | CASE NO.: C 08-03543 SC |
| JOHN P. McCARTHY PROFIT SHARING PLAN, et al., <br><br> Plaintiff, <br><br> v. <br><br> GENENTECH, INC., et al. <br><br> Defendants. | CASE NO.: CV 08-3720 (SC) |
| ERNEST GOTTDIENER, et al. <br><br> Plaintiff, <br><br> v. <br><br> ARTHUR D. LEVINSON, Ph.D, et al. <br><br> Defendants. | CASE NO.: CV 08-3753 (SC) <br><br> **STIPULATION AND [PROPOSED] ORDER OF VOLUNTARY DISMISSAL OF ACTIONS** <br><br> CRTRM: 11, 19th Floor <br> JUDGE: Hon. Jeffrey S. White |

STIP AND [PROPOSED] ORDER OF VOLUNTARY DISMISSAL OF ACTIONS – Case No. C 08-03543 SC

WHEREAS, the parties in these actions (the "California Federal Actions"), through their counsel of record, reached an agreement along with the parties in the Delaware Action, *In re Genentech Inc. Shareholder Litig.*, Consolidated Civil Action No. 3911-VCS (Del. Ch. Ct.), to settle their claims, which agreement was subject to final approval by the Court of Chancery in the Delaware Action;

WHEREAS, on March 31, 2009, the Delaware Court of Chancery entered an order, which, among other things: (1) preliminarily certified the class for settlement purposes only; (2) stayed all litigations pending final approval of the settlement; and (3) scheduled a final settlement hearing to be held on July 9, 2009, at 10:00 a.m. EST and provided a method for notice of the proposed settlement and final settlement hearing to class members;

WHEREAS, on April 3, 2009, the parties in these California Federal Actions jointly moved for a stay of proceedings pending final approval of the proposed settlement in the Delaware Action;

WHEREAS, on April 6, 2009, the Court granted the parties' joint motion for a stay of proceedings pending final approval of the Delaware Action [DKT Nos. 46 ("*Wandel*"), 35 ("*McCarthy*") and 29 ("*Gottdiener*");

WHEREAS, on July 9, 2009, a final settlement hearing was held, and, following that hearing, the Delaware Court of Chancery entered an Order and Final Judgment, which, among other things certified a class for settlement purposes, finally approved the settlement as fair, reasonable, adequate, and in the best interests of the class, and approved the application of co-lead counsel for an award of attorneys' fees and expenses;

WHEREAS, a true and correct copy of the ORDER AND FINAL JUDGMENT entered on July 9, 2009 in the Delaware Court of Chancery is attached hereto as Exhibit A; and

WHEREAS, now that the settlement has been finally approved in the Delaware Action, the parties agree that dismissal with prejudice of these California Federal Actions is appropriate.

IT IS HEREBY STIPULATED AND AGREED by and through the parties' respective counsel, that this action shall be terminated and dismissed under the following terms and conditions:

STIP AND [PROPOSED] ORDER OF VOLUNTARY DISMISSAL OF ACTIONS – Case No. C 08-03543 SC

- 1 -

1.     The parties agree to dismiss plaintiffs' claims with prejudice pursuant to Fed. R. Civ. P. 41(a)(1);

2.     No party shall seek reimbursement from any other party of any fees, costs, expenses or damages in connection with the filing, prosecution, defense or dismissal of this action or the events that are the subject of these California Federal Actions other than as set forth in the Delaware ORDER AND FINAL JUDGMENT attached hereto as Exhibit A;

3.     The Delaware ORDER AND FINAL JUDGMENT operates as a full, mutual and complete release of any and all claims that the parties may have against one another arising from the filing, prosecution, defense or dismissal of these California Federal Actions;

4.     The parties represent that the defendants have not made or promised any payment, direct or indirect, to the plaintiff or his counsel in consideration of the dismissal of these California Federal Actions other than as set forth in the Delaware ORDER AND FINAL JUDGMENT attached hereto as Exhibit A;

5.     This Stipulation and [Proposed] Order Regarding Voluntary Dismissal of Actions (the "Stipulation") does not constitute or imply any admission or confession by any party regarding the basis for plaintiffs' allegations in these California Federal Actions or the merits of any claim or defense raised herein; and

6.     This Stipulation reflects the terms of dismissal of these California Federal Actions. The Court shall retain jurisdiction for the purposes of enforcing the terms of this Stipulation.

**IT IS SO STIPULATED.**

DATED: July 15, 2009

    WOLF HALDENSTEIN ADLER
     FREEMAN & HERZ LLP
    FRANCIS M. GREGOREK
    BETSY C. MANIFOLD
    RACHELE R. RICKERT

    _/s/ Betsy C. Manifold_
    BETSY C. MANIFOLD

    750 B Street, Suite 2770
    San Diego, CA 92101
    Telephone: 619/239-4599
    Facsimile:  619/234-4599

STIP AND [PROPOSED] ORDER OF VOLUNTARY DISMISSAL OF ACTIONS – Case No. C 08-03543 SC
- 2 -

| | |
|---|---|
| 1 | LAW OFFICES OF MARC S. HENZEL |
| 2 | MARC S. HENZEL |
|   | 273 Montgomery Avenue, Suite 202 |
| 3 | Bala Cynwyd, PA 19004 |
|   | Telephone: 610/660-8000 |
| 4 | Facsimile: 610/660-8080 |
| 5 | Attorneys for Plaintiff Arnold Wandel |

DATED: July 15, 2009

SPECTOR, ROSEMAN KODROFF
& WILLIS, P.C.
ROBERT M. ROSEMAN
JAY COHEN
ANDREW ABRAMOWITZ
RACHEL E. KOPP

_____
ANDREW D. ABRAMOWITZ

1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: 215/496-0300
Facsimile: 215/496-6611

and

LEVY, RAM & OLSON
MICHAEL F. RAM
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: 415/433-4949
Facsimile: 415/433-7311

Attorneys for Plaintiffs John P. McCarthy Profit
Sharing Plan, Class Members, and all others
similarly situated

DATED: July 15, 2009

BULL & LIFSHITZ, LLP
PETER D. BULL
JOSHUA M. LIFSHITZ

_____
JOSHUA M. LIFSHITZ

18 East 41st Street
New York, NY 10017
Telephone: 212/213-6222
Facsimile: 212/213-9405

and

STIP AND [PROPOSED] ORDER OF VOLUNTARY DISMISSAL OF ACTIONS – Case No. C 08-03543 SC
- 3 -

| | |
|---|---|
| 1 | LAW OFFICES OF MARC S. HENZEL |
| 2 | MARC S. HENZEL<br>273 Montgomery Avenue, Suite 202 |
| 3 | Bala Cynwyd, PA 19004<br>Telephone: 610/660-8000 |
| 4 | Facsimile: 610/660-8080 |

Attorneys for Plaintiff Arnold Wandel

DATED: July 15, 2009

SPECTOR, ROSEMAN KODROFF
   & WILLIS, P.C.
ROBERT M. ROSEMAN
JAY COHEN
ANDREW ABRAMOWITZ
RACHEL E. KOPP

_____
ANDREW D. ABRAMOWITZ

1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: 215/496-0300
Facsimile: 215/496-6611

and

LEVY, RAM & OLSON
MICHAEL F. RAM
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: 415/433-4949
Facsimile: 415/433-7311

Attorneys for Plaintiffs John P. McCarthy Profit Sharing Plan, Class Members, and all others similarly situated

DATED: July 15, 2009

BULL & LIFSHITZ, LLP
PETER D. BULL
JOSHUA M. LIFSHITZ

_____
JOSHUA M. LIFSHITZ

18 East 41st Street
New York, NY 10017
Telephone: 212/213-6222
Facsimile: 212/213-9405

and

```
                         KAPLAN, FOX & KILSHEIMER, LLP
                         LAURENCE D. KING
                         350 Sansome Street, Suite 400
                         San Francisco, CA 94104
                         Telephone: 415/772-4700
                         Facsimile:  415/772-4707

                         Attorneys for Plaintiff Ernest Gottdiener

DATED: July 15, 2009     WILSON SONSINI GOODRICH & ROSATI
                         PROFESSIONAL CORPORATION
                         IGNACIO E. SALCEDA

                              /s/ Ignacio Salceda
                         ────────────────────────────
                              IGNACIO E. SALCEDA

                         650 Page Mill Road
                         Palo Alto, CA 94304-1050
                         Telephone: 650/493-9300
                         Facsimile:  650/565-5100

                         Attorneys for Defendants Genentech, Inc.
                         and Arthur D. Levinson


DATED: July 15, 2009     LATHAM & WATKINS LLP
                         PAUL H. DAWES
                         ANDREW M. FARTHING

                         ────────────────────────────
                              ANDREW M. FARTHING

                         140 Scott Drive
                         Menlo Park, CA 94025
                         Telephone: 650/328-4600
                         Facsimile:  650/463-2600

                         Attorneys for Special Committee Defendants
                         Herbert W. Boyer, Ph.D., Debra L. Reed and
                         Specially Appearing Defendant Charles A.
                         Sanders, M.D.


                                  * * *
```

## ORDER

Plaintiffs' Class Action Complaints are hereby dismissed in their entirety.

**IT IS SO ORDERED.**

DATED: _____

_____
HON. JEFFREY S. WHITE
JUDGE OF THE U.S. DISTRICT COURT

GENENTECH:16901.3

STIP AND [PROPOSED] ORDER OF VOLUNTARY DISMISSAL OF ACTIONS – Case No. C 08-03543 SC

- 4 -

| | |
|---|---|
| | KAPLAN, FOX & KILSHEIMER, LLP<br>LAURENCE D. KING<br>350 Sansome Street, Suite 400<br>San Francisco, CA 94104<br>Telephone: 415/772-4700<br>Facsimile: 415/772-4707<br><br>Attorneys for Plaintiff Ernest Gottdiener |
| DATED: July 15, 2009 | WILSON SONSINI GOODRICH & ROSATI<br>PROFESSIONAL CORPORATION<br>IGNACIO E. SALCEDA<br><br>_____<br>IGNACIO E. SALCEDA<br><br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: 650/493-9300<br>Facsimile: 650/565-5100<br><br>Attorneys for Defendants Genentech, Inc.<br>and Arthur D. Levinson |
| DATED: July 15, 2009 | LATHAM & WATKINS LLP<br>PAUL H. DAWES<br>ANDREW M. FARTHING<br><br>_/s/ Andrew M. Farthing_____<br>ANDREW M. FARTHING<br><br>140 Scott Drive<br>Menlo Park, CA 94025<br>Telephone: 650/328-4600<br>Facsimile: 650/463-2600<br><br>Attorneys for Special Committee Defendants<br>Herbert W. Boyer, Ph.D., Debra L. Reed and<br>Specially Appearing Defendant Charles A.<br>Sanders, M.D. |

\* \* \*

### ORDER

Plaintiffs' Class Action Complaints are hereby dismissed in their entirety.

**IT IS SO ORDERED.**

DATED: July 16, 2009

_/s/ Jeffrey S. White_____
HON. JEFFREY S. WHITE
JUDGE OF THE U.S. DISTRICT COURT

GENENTECH:16901.3

STIP AND [PROPOSED] ORDER OF VOLUNTARY DISMISSAL OF ACTIONS – Case No. C 08-03543 SC

- 4 -

# EXHIBIT A

EFiled: Jul 9 2009 3:59PM EDT
Transaction ID 26034361
Case No. 3911-VCS

GRANTED

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

---

| | | |
|---|---|---|
| IN RE GENENTECH, INC. | : | CONSOLIDATED |
| SHAREHOLDERS LITIGATION | : | CIVIL ACTION NO. 3911-VCS |

---

### ORDER AND FINAL JUDGMENT

A hearing having been held before this Court (the "Court") on July 9, 2009, pursuant to the Court's Order of March 31, 2009 (the "Scheduling Order"), upon a Stipulation and Agreement of Compromise, Settlement, and Release, filed on March 23, 2009 (the "Stipulation"), of the above-captioned action (the "Action") that was joined and consented to by all the parties to the Action, which Scheduling Order and Stipulation are incorporated herein by reference; it appearing that due notice of said hearing was given in accordance with the aforementioned Scheduling Order and that said notice was adequate and sufficient; and the parties having appeared by their attorneys of record; and the attorneys for the respective parties having been heard in support of the Settlement of the Action; and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, this 9th day of July, 2009, as follows:

1.  Unless otherwise defined herein, all defined terms shall have the meanings as set forth in the Stipulation.

2.  The Notice of Pendency of Class Action, Proposed Class Action Determination, Proposed Settlement of Class Action, Settlement Hearing, and Right to Appear (the "Notice") has been given to the Class (as defined therein) pursuant to and in the manner directed by the Scheduling Order; proof of the mailing of the Notice was filed with the Court; and full



opportunity to be heard has been offered to all parties, the Class, and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Delaware Court of Chancery Rule 23, due process, and applicable law, and it is further determined that all members of the Class are bound by the Order and Final Judgment herein.

3. Based on the record in the Action, each of the provisions of Delaware Court of Chancery Rule 23 has been satisfied and the Action has been properly maintained according to the provisions of Delaware Court of Chancery Rules 23(a), 23(b)(1), and 23(b)(2). Specifically, this Court finds that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Co-Lead Plaintiffs (also referred to herein as "Class Plaintiffs") as representative plaintiffs are typical of the claims of the Class; and (d) the Class Plaintiffs and their counsel have fairly and adequately protected and represented the interests of the Class.

4. The Action is hereby finally certified as a non-opt-out class action, pursuant to Delaware Court of Chancery Rules 23(a), 23(b)(1), and 23(b)(2), on behalf of a class consisting of all record holders and beneficial owners of Genentech common stock at any time during the period beginning on and including July 21, 2008 through and including the date of the consummation of the Merger, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, and excluding the Defendants, members of the immediate family of any individual Defendant, any entity in which a Defendant has or had a controlling interest, officers of Defendants and the legal representatives, agents, executors, heirs, successors, or

assigns of any such excluded person (the "Class"). Further, the Co-Lead Plaintiffs are finally certified as Class representatives. The law firms of Grant & Eisenhofer P.A., Chimicles & Tikellis LLP, and Barroway Topaz Kessler Meltzer & Check, LLP (collectively, "Co-Lead Counsel") are finally certified as Co-Lead Counsel.

5. The Settlement is found to be fair, reasonable, adequate, and in the best interests of the Class, and is hereby approved pursuant to Delaware Court of Chancery Rule 23(e). The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Register in Chancery is directed to enter and docket this Order and Final Judgment.

6. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement and this Final Judgment and over all parties to the Action.

7. The Action and the claims asserted therein are hereby dismissed on the merits with prejudice as to all Defendants and against all members of the Class on the merits and, except as provided in the Stipulation, without fees or costs (except as provided below in paragraph 13).

8. Any and all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters, and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, material or immaterial, matured or unmatured, that have been, could have been, or in the future can or might be asserted in this Action or in any court, tribunal, or proceeding (including, but not limited to, any claims arising under federal or state law, statutory or common law, relating to alleged fraud, breach of any duty, negligence,

violations of state or federal securities laws or otherwise) by or on behalf of any member of the Class, whether individual, class, derivative, representative, legal, equitable, or any other type or in any other capacity, which have arisen, could have arisen, arise now or hereafter arise out of, or relate in any manner to the allegations, facts, events, transactions, matters, acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter, thing, or cause whatsoever, or any series thereof, embraced, involved in, set forth in, or referred to or otherwise related, directly or indirectly, in any way to, this Action or the California Actions, or the subject matter of this Action or the California Actions, and including without limitation any claims (whether or not asserted) in any way related to the entry into the Affiliation Agreement, the July Proposal, the Tender Offer, the Merger, the Merger Agreement, transactions related to the Merger or Merger Agreement, the Merger consideration, the negotiations preceding the Merger and Merger Agreement, the adequacy and completeness of disclosures made in connection with the Merger, Merger Agreement, transactions related to the Merger or Merger Agreement, and/or Merger consideration (including, but not limited to, public statements and SEC filings), and any alleged breaches of the fiduciary duties of the Defendants, or the aiding and abetting thereof (collectively, the "Released Claims"), against each and all of the Defendants and their respective relatives or family members, parent entities, associates, affiliates, subsidiaries, or trusts, and each and all of their respective past, present, or future officers, directors, record or beneficial stockholders, agents, representatives, employees, attorneys, advisors (including financial or investment advisors), consultants, accountants, law firms, investment bankers, commercial bankers, trustees, insurers, co-insurers and reinsurers, heirs, executors, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors, and assigns (collectively, the

"Released Persons"), shall be individually and collectively, completely, fully, finally, and forever released, relinquished, and discharged; <u>provided however</u>, that the Released Claims shall not be construed to limit the right of the Class Plaintiffs or any members of the Class to enforce the terms of this Stipulation or any properly perfected claims for appraisal in connection with the Merger.

9. Defendants and their counsel, individually and collectively, shall and hereby do completely, fully, finally, and forever release, relinquish, and discharge Plaintiffs and their counsel from any and all of the Released Claims.

10. The releases extend to claims that the parties granting the release (the "Releasing Parties") do not know or suspect to exist at the time of the release, which if known, might have affected the Releasing Parties' decision to enter into the release or whether or how to object to the Court's approval of the Settlement or to attempt to exclude themselves from the Class. The Class Plaintiffs and each member of the Class shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law or foreign law, which may have the effect of limiting the release set forth above. In particular, the Class Plaintiffs, and each member of the Class, shall be deemed to have relinquished to the full extent permitted by law the provisions, rights, and benefits of section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

In addition, the Class Plaintiffs, and each member of the Class, shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United

States or elsewhere which is similar, comparable, or equivalent to California Civil Code section 1542. The Class Plaintiffs, and each member of the Class, are deemed to have settled and released fully, finally, and forever any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

11. The Class Plaintiffs, Co-Lead Counsel, and all members of the Class, and each of them, and any of their respective representatives, trustees, successors, heirs, and assigns are hereby permanently barred and enjoined from asserting, commencing, prosecuting, assisting, instigating, continuing, or in any way participating in the commencement or prosecution of any action, whether directly, representatively, derivatively, or in any other capacity, asserting any claims that are, or relate in any way to, the Released Claims that are released pursuant to this Order and Final Judgment or under the Stipulation.

12. Neither the Stipulation, the Settlement, this Final Judgment, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of the validity or lack of validity of any Released Claims or any wrongdoing or liability of Defendants; (b) is or may be deemed to or may be used as an admission of, or evidence of, any fault or omission of any of the parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is or may be alleged or mentioned so as to contravene clause (a) above in any litigation or other action unrelated to the enforcement of the Stipulation. Notwithstanding the foregoing, any of the Released Persons may file the Stipulation or any judgment or order of the Court related hereto, in the California Actions, or any other action that may be brought against them, in order to support any and all defenses or

counterclaims based on res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

13.    Co-Lead Counsel is hereby awarded attorneys' fees and expenses in the amount of $24,500,000.00, which sum the Court finds to be fair and reasonable and which shall be paid to Co-Lead Counsel in accordance with the terms of the Stipulation.

14.    The effectiveness of the Order and Final Judgment and the obligations of the Class Plaintiffs, Co-Lead Counsel, the Class, and the Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal that relates solely to the issue of Co-Lead Counsel's application for an award of attorneys' fees and expenses.

15.    Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

_____
The Honorable Leo E. Strine, Jr.
Vice Chancellor

| | |
|---|---|
| This document constitutes a ruling of the court and should be treated as such. | |
| **Court:** | DE Court of Chancery Civil Action |
| **Judge:** | Leo E Strine |
| **File & Serve Transaction ID:** | 26032685 |
| **Current Date:** | Jul 09, 2009 |
| **Case Number:** | 3911-VCS |
| **Case Name:** | CLOSED 7/9/2009 CONF ORDER CONS W/3912 3915 3922 3924 3927 3929 3947 3956-VCS In re: Genentech Inc Shareholder Litigation |
| **Court Authorizer:** | Leo E Strine |

/s/ **Judge Leo E Strine**

| | |
|---|---|
| 1 | **DECLARATION OF SERVICE** |
| 2 | I, Marta Stasik, the undersigned, declare: |
| 3 | 1. That declarant is and was, at all times herein mentioned, a citizen of the United |
| 4 | States and a resident of the County of San Diego, over the age of 18 years, and not a party to or |
| 5 | interested in the within action; that declarant's business address is 750 B Street, Suite 2770, San |
| 6 | Diego, California 92101. |
| 7 | 2. That on July 15, 2009, declarant served: |
| 8 | **STIPULATION AND [PROPOSED] ORDER OF VOLUNTARY** |
| 9 | **DISMISSAL OF ACTIONS** |
| 10 | via CM/ECF and electronic mail to the parties listed on the attached service list. |
| 11 | I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th |
| 12 | day of July 2009, at San Diego, California. |

_____
MARTA STASIK

STIP AND [PROPOSED] ORDER OF VOLUNTARY DISMISSAL OF ACTIONS – Case No. C 08-03543 SC
- 5 -

GENENTECH, INC.
FEDERAL ACTION
Service List – March 3, 2009
Page 1

COUNSEL FOR PLAINTIFF

Francis M. Gregorek
Betsy C. Manifold
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
  619/239-4599
  619/234-4599 (fax)

Marc S. Henzel
* LAW OFFICES OF MARC S. HENZEL
273 Montgomery Avenue, Suite 202
Bala Cynwyd, PA 19004
  610/660-8000
  610/660-8080 (fax)
mhenzel@henzellaw.com

Attorneys for Arnold Wandel

Robert M. Roseman
Jay Cohen
Andrew Abramowitz
Rachel E. Kopp
* SPECTOR, ROSEMAN KODROFF
   & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
  215/496-0300
  215/496-6611 (fax)
jcohen@srk-law.com

Michael F. Ram
LEVY, RAM & OLSON
639 Front Street, 4th Floor
San Francisco, CA 94111
  415/433-4949
  415/433-7311 (fax)
mfr@lrolaw.com

Attorneys for Plaintiffs John P. McCarthy
Profit Sharing Plan

Laurence D. King
* KAPLAN, FOX & KILSHEIMER, LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
  415/772-4700
  415/772-4707 (fax)
lking@kaplanfox.com

Attorneys for Plaintiff Ernest Gottdiener

Peter D. Bull
Joshua M. Lifshitz
BULL & LIFSHITZ, LLP
18 East 41st Street
New York, NY 10017
  212/213-6222
  212/213-9405 (fax)

Attorneys for Plaintiff Ernest Gottdiener

COUNSEL FOR DEFENDANTS

Ignacio Salceda
WILSON SONSINI GOODRICH
  & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
  650/493-9300
  650/565-5100 (fax)
isalceda@wsgr.com

Attorneys for Defendants Genentech, Inc. and
Arthur D. Levinson

Paul H. Dawes
Andrew M. Farthing
* LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
  650/328-4600
  650/463-2600 (fax)

Attorneys for Special Committee Defendants
Herbert W. Boyer, Ph.D., Debra L. Reed and
Specially Appearing Defendant Charles A.
Sanders, M.D.

Neal A. Potischman
* DAVIS POLK & WARDWELL
1600 El Camino Read
Menlo Park, CA 94025
  650/752-2000
  650/752-2111 (fax)

Attorneys for Defendant Roche Holdings, Inc.

* **Electronic Mail**